Ericka HALL, Plaintiff,

v.

**SOUTHWEST AIRLINES CO., Defendant.**

**Civil Action No. 3:10–CV–1682–N.**

United States District Court,
N.D. Texas,
Dallas Division.

May 7, 2012.

Richard Lee Howard, IV, R.L. Howard & Associates, Dallas, TX, Kevin J. Gillie, Baton Rouge, LA, for Plaintiff.

Angelina M. LaPenotiere, Kyle Austin Perkins, Sara Elizabeth Apel, Carrington, Coleman, Sloman & Blumenthal, Dallas, TX, for Defendant.

## *ORDER*

David C. Godbey, District Judge.

This Order addresses Defendant Southwest Airlines Co.'s ("Southwest") motion for protective order and for discovery sanctions [21] and Plaintiff Ericka Hall's motion to compel depositions and request for sanctions [22]. At a hearing on Monday, March 5, 2012, the Court denied the motions. It did so for the reasons that follow.

Attorney Kevin J. Gillie is not currently admitted to practice in this district. On February 21, 2012, Gillie, purporting to act as Hall's counsel, attempted to depose one of Southwest's employees. The parties disagreed whether Gillie, who had yet to file an application for admission pro hac vice with the Court or formally appear in the action, was authorized to examine Southwest's employee. One hour after the deposition was scheduled to take place and after Southwest had informed Gillie of its concerns, Gillie filed a notice of appearance in the action.[1] Gillie then attempted to depose another of Southwest's employees the following day, February 22, 2012, although he had yet to file an application for admission pro hac vice. This dispute led to the instant motions and expedited discovery hearing.

■ 28 U.S.C. § 1654 expressly delegates to each court the power to determine its own rules for appearance of counsel. *See also* 28 U.S.C. § 2071 (local rules generally); FED. R.CIV.P. 83 (same). Accordingly, this district has adopted local rules, most recently amended September 1, 2011. Local Rule 83.9(a) states that a licensed attorney who is not admitted to practice before the Court

---

1. The Court notes that it was improper for Gillie to appear without first or contemporaneously filing an application for admission pro hac vice. *See* 1 CYCLOPEDIA OF FEDERAL PROCEDURE § 1.55 (3rd ed. 2012) ("It is within the discretion of the court to allow an attorney to appear before it who is not admitted to practice before it.").

"may represent a party in proceedings in this [C]ourt only by permission of the presiding judge." N.D. Tex.R. Civ. P. 83.9(a). This Court has defined "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *See AFD Fund v. Sill*, 2003 WL 22466202, at *5 n. 3 (N.D.Tex.2003) (Ramirez, Mag. J.), *adopted by* 2004 WL 51327 (N.D.Tex.2004) (Sanders, J.). Taking depositions clearly falls within the definition.[2] Local Rule 83.9(a) thus facially prohibits an attorney not admitted to the bar of this Court and not admitted pro hac vice from taking a deposition in an action pending in this Court.

■ Additionally, numerous policy arguments undergird the similar idea that an attorney must also formally appear to conduct a deposition. First and most practically, without officially appearing in the case as counsel of record, the attorney cannot assure the opposing party that the client has authorized the attorney to speak and/or enter into agreements on the client's behalf. Second, the Court and participating parties may not know how to send notice to the attorney. *See AFD Fund*, 2003 WL 22466202, at *5 (unadmitted attorney did not receive notice of hearing because he did not formally provide the Court with an address for service by appearing). Third, the policy underlying Local Rule 83.9 (pro hac vice) and Local Rule 83.7 (admission of attorneys) is that attorneys practicing in this district become aware of and comply with the rules and practices of this Court as they are articulated in the Local Rules and *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D.Tex.1988) (en banc). *See* Northern District of Texas Application for Admission Pro Hac Vice Form, U.S. District Court for the Northern District of Texas, *available at* http://www.txnd.uscourts.gov/pdf/atty_handbook/PROHACVC.pdf (last visited May 2, 2012); N.D. Tex.R. Civ. P. 83.9, 83.7. This is to ensure competency of counsel and accountability to the Court and parties to the suit. Fourth, if courts in this district were to allow attorneys to act as counsel of record without officially appearing as such, the Court's ability to police attorneys' conduct would be extremely curtailed. Fifth, the requirement of admission and appearance prior to undertaking acts as a party's counsel is compatible with the requirement in Local Rule 83.12 that an attorney needs the court's permission to withdraw. N.D. Tex.R. Civ. P. 83.12. If the Court were to allow an attorney to act as a party's counsel without officially appearing, there would be no repercussion if the attorney were to abandon his/her purported client at the attorney's whim. Somewhat like marriage, representing a client before a tribunal is easier to get into than get out of. For all these reasons, the Court determines that a policy of requiring attorneys to appear before taking depositions in an action is consistent with the local rules of this Court. *See* Fed.R.Civ.P. 83(b) ("A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."). Accordingly, the Court holds that an attorney must be admitted to practice in this district and appear of record in order to take depositions in an action pending in this Court.

Because the parties brought the questions presented to the Court in good faith and because those questions were unsettled in this district, the Court declines to order sanctions and declines to issue a protective order. Further, at this time, the Court declines to compel Southwest to make its employees available for deposition by Gillie because the Court has not as yet approved his application for admission pro hac vice [24]. However, the Court does not bar Hall from renoticing the deponents of her intent to take depositions. Accordingly, the Court denies the parties' motions.

---

2. In this Order, the Court does not address defending depositions.